IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

CHARLES DAY, )
                Plaintiff, ) 2:09-cv-02676-GEB-KJM
    v. )
                      ) ORDER DENYING PLAINTIFF'S
AMERICAN HOME MORTGAGE SERVICING, ) MOTION TO REMAND[*]
INC., CLC FUNDING, and DOES 1-50, )
inclusive, )
                Defendants. )

---

On October 14, 2009, Plaintiff filed a Motion to Remand this case to the Sacramento County Superior Court in California from which it was removed. Plaintiff argues since Plaintiff and Defendant CLC Funding are both citizens of California, and Defendant CLC Funding is not a "sham" defendant as argued Defendant American Home Mortgage Servicing, Inc. ("AHMSI") argues in its notice of removal, this Court lacks diversity subject matter jurisdiction.

"If [a] plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(h).

1

settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder must be proved by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339. "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence . . . ." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)).

AHMSI argues CLC Funding is a "sham" defendant since "no possible cause of action has been stated against [CLC Funding]." (Not. of Removal 4:1-2; Def.'s Opp'n 2:17-18.) AHMSI also presents the deed of trust which names American Brokers Conduit as the originating lender. (Not. of Removal Ex. A.) Plaintiff rejoins in a conclusory fashion, "each cause of action is against all defendants." (Mot. to Remand 5:26.) Plaintiff also argues he "took out the mortgage through CLC Funding, a California corporation[,and that the] loan was funded by CLC and was then sold and/or assigned to American Home Mortgage Servicing, Inc." (Mot. to Remand 3:5-9.) However, Plaintiff's complaint does not allege facts showing that CLC Funding was involved in the mortgage transaction. Additionally, American Brokers Conduit is listed as the originating lender, and CLC Funding is not named in the deed of trust. Since Plaintiff has not shown that CLC Funding has any relationship to the mortgage at issue in this case, Plaintiff's joinder of CLC Funding is fraudulent. Therefore,

CLC Funding is dismissed as a defendant, and Plaintiff's Motion to Remand is DENIED.

Dated: January 26, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```