IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CHARLES DAY,                          )
                                      )
            Plaintiff,                )    2:09-cv-02676-GEB-KJM
                                      )
      v.                              )    ORDER GRANTING DEFENDANT'S
                                      )    MOTION TO DISMISS*
AMERICAN HOME MORTGAGE SERVICING,     )
INC., and DOES 1-50, inclusive,       )
                                      )
            Defendants.               )
_____)
```

Defendant American Home Mortgage Servicing, Inc. ("AHMSI") filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claim upon which relief can be granted; and a motion for a more definite statement under Federal Rule of Civil Procedure 12(e).  For the following reasons, AHMSI's motion to dismiss is granted and AHMSI's motion for a more definite statement is dismissed as moot.

Plaintiff alleges five claims in his complaint against AHMSI, all of which concern a mortgage loan Plaintiff obtained: (1) violation of the California Rosenthal Act; (2) breach of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) violation of California Business and Professions Code section 17200; and (5) breach of statutory duties.

---

\* This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

## I. Legal Standard

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK-DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd

2

1 v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither
2 conclusory statements nor legal conclusions are entitled to a
3 presumption of truth.  See Iqbal, 129 S. Ct. at 1949-50.

## II.   Analysis

**A.   Rosenthal Act Claim**

AHMSI seeks dismissal of Plaintiff's first claim for violation of the Rosenthal Act, arguing Plaintiff "makes conclusory allegations" without alleging any "specific acts or omissions of any of the Defendants."  (Mot. 3:17, 23.)  Plaintiff responds, arguing he has satisfied the requirements of Federal Rule of Civil Procedure 8. (Opp'n 3:10-25.)

California's Rosenthal Act "serves to 'prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.'"  Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1) (emphasis omitted).  However, the Act only governs the conduct of a "debt collector," which under the statute is defined as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself . . . engages in debt collection."  Cal Civ. Code. § 1788.2.

Plaintiff alleges in his complaint:

> Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including . . .: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

3

(Compl. ¶ 9.)  Plaintiff's allegations fail to "give [AHMSI] fair notice of what the [Plaintiff's] claim is and the grounds upon which relief rests . . . ."  <u>Twombly</u>, 550 U.S. at 555.  Plaintiff has not alleged that AHMSI is a "debt collector" subject to the statute; nor has Plaintiff identified which provision of the Rosenthal Act was allegedly violated or on which loan AHMSI allegedly attempted to collect from Plaintiff.  See <u>Molina v. Washington Mutual Bank</u>, No. 09-cv-0094-IEG-AJB, 2010 WL 431439, at *6 (S.D. Cal. Jan. 29, 2010) (dismissing Rosenthal Act claim for failure to identify the provisions allegedly violated and for failure to allege that Defendants were debt collectors).  Moreover, Plaintiff's allegations do not show that "foreclosing on a property pursuant to a deed of trust is . . . collection of a debt within the meaning of the [Rosenthal Act]."  <u>Benham v. Aurora Loan Servs.</u>, 2009 WL 2880232, at *2 (N.D. Cal. Sept. 1, 2009).  Therefore, Plaintiff's first claim is dismissed.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

AHMSI also seeks dismissal of Plaintiff's second claim for breach of the implied covenant of good faith and fair dealing, arguing "no contract between Plaintiff and AHMSI has been identified or exists since AHMSI is just the loan servicer on this loan."  (Mot. 5:1-2.)  Plaintiff responds, arguing "while Plaintiff admits that this cause of action probably does not survive in tort, it should survive in its derivative nature in contract . . . ."  (Opp'n 4:7-9.)

"The prerequisite for any action for breach of implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties."  <u>Castaneda v. Saxon Mortg. Serv., Inc.</u>, 2:09-cv-1124-WBS-DAD, 2010 WL 726903, at *5 (E.D. Cal. Feb. 26, 2010).  "A good faith claim sounds in tort only when

4

there is a 'special relationship' between the contracting parties, such as the relationship between an insurer and an insured in an insurance contract." <u>Baldain v. Am. Home Mortg. Serv., Inc.</u>, 2010 WL 56143, at *12 (E.D. Cal. Jan. 5, 2010).

Plaintiff alleges in this claim that "[a] duty of good faith and fair dealing was implied by law into the contract of insurance that is at issue in this action." (Compl. ¶ 12.) However, Plaintiff does not allege the existence of a contractual relationship with AHMSI. Nor does Plaintiff allege the existence or terms of a contract of insurance. Further, Plaintiff has not alleged the existence of any facts which, if true, would demonstrate the existence of a "special relationship." Therefore, Plaintiff's second claim is dismissed.

**C.  Breach of Fiduciary Duty Claim**

AHMSI also seeks dismissal of Plaintiff's third claim for breach of fiduciary duty, arguing "there is no fiduciary duty between a borrower and a lender." (Mot. 7:11-12.) Plaintiff does not oppose this dismissal request and states only that he "will dismiss this cause of action." (Opp'n 4:11.) Therefore, Plaintiff's third claim is dismissed.

**D.  California Unfair Competition Law Claim**

AHMSI also seeks dismissal of Plaintiff's fourth claim in which Plaintiff alleges violation of California Business and Professions Code section 17200, arguing Plaintiff's allegations are "insufficient to satisfy the minimum pleading standard of describing facts with reasonable particularity." (Mot. 10:17-18.) This claim is entirely derivative of the previous claims in the complaint. Since

1  all of Plaintiff's previous claims have been dismissed, this
2  derivative claim is also dismissed.

**E.   Breach of Statutory Duties Claim**

4           AHMSI also seeks dismissal of Plaintiff's fifth claim for
5  "breach of statutory duties," arguing "the complaint is silent as to
6  which statutes imposed the duty, what such statutory duties are, if
7  any, and what acts or omissions [on] the part of Defendant allegedly
8  constituted such a breach."  (Mot. 11:7-10.)  Plaintiff responds,
9  arguing "Plaintiffs [sic] believe they have pled sufficient facts to
10 support the cause of action.  Plaintiffs [sic] have specified each
11 statute and how it was violated.  However, if the court believes that
12 further facts are required, Plaintiffs [sic] will amend the complaint
13 to state such facts."  (Opp'n 5:7-11.)

14          Plaintiff's complaint fails to state under which statute he
15 seeks relief.  No statutes are listed in Plaintiff's fifth claim.
16 Further, although Plaintiff lists the Truth in Lending Act, 15 U.S.C.
17 §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12
18 U.S.C. §§ 2601 *et seq.*, in his third claim for breach of fiduciary
19 duty, Plaintiff previously argued in a motion to remand this case to
20 state court that "there is no federal question raised in the
21 complaint.  Not one cause of action relies on a federal statute."
22 (Reply to AHMSI's Opp'n to Plt.'s Mot. to Remand 3:6-7.)  Further,
23 Plaintiff's fifth claim contains no factual allegations which would
24 provide AHMSI with "fair notice of what . . . [Plaintiff's] claim is
25 and the grounds upon which relief rests . . . ."  <u>Twombly</u>, 550 U.S. at
26 555.  Thus, it is unclear which statutes Plaintiff alleges AHMSI
27 violated or what AHMSI did that allegedly violated the unnamed
28 statutes.  Therefore, Plaintiff's fifth claim is dismissed.

### III.  Conclusion

For the stated reasons, AHMSI's motion to dismiss Plaintiff's complaint is granted. AHMSI's motion for a more definite statement is denied as moot. Plaintiff is granted ten (10) days from the date on which this order is filed to file a first amended complaint amending the claims that have been dismissed.

Dated:  March 25, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge