IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DAY,

Plaintiff,

v.

AMERICAN HOME MORTGAGE SERVICING, INC., AMERICAN BROKERS CONDUIT and DOES 1-50, inclusive,

Defendants.

2:09-CV-02676-GEB-KJM

ORDER GRANTING AND DENYING IN PART DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S MOTION TO DISMISS AND DENYING ITS MOTION FOR A MORE DEFINITE STATEMENT*

Defendant American Home Mortgage Servicing, Inc. ("Defendant") moves for dismissal of Plaintiff's First-Amended Complaint (incorrectly titled as "Second-Amended Complaint") with prejudice under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiff has failed to allege sufficient facts to state viable claims. In the alternative, Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"). For the reasons stated below, Defendant's dismissal motion is granted in part and denied in part, and Defendant's Rule 12(e) motion is denied.

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

**I. LEGAL STANDARD**

**A. Standard for a Motion to Dismiss under Rule 12(b)(6)**

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555.

If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

1122, 1127 (9th Cir. 2000)(quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

**B. Standard for a Motion for a More Definite Statement**

"[A] party may move for a more definite statement of a pleading [under Rule 12(e) when the pleading] ... is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should not be granted unless the challenged pleading is so indefinite that the responding party cannot determine the nature of the claim(s) asserted. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal. 1981).

**II.**

**REQUEST FOR JUDICIAL NOTICE**

Defendant's motion includes a request that the Court take judicial notice of a grant deed and a deed of trust, both recorded on September 2, 2005 in the Yolo County Recorder's Office. However, since defendant has not shown how these documents are relevant to its motion, the request is denied.

**III. DISCUSSION**

Defendant filed a previous dismissal motion of Plaintiff's original complaint, which was granted with leave to amend. Plaintiff subsequently filed his First-Amended Complaint ("FAC") in which he alleges four state law claims: violation of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), breach of the implied covenant of good faith and fair dealing, California Business & Professions Code section 17200, and "breach of statutory duties."

**A. The Rosenthal Act**

Defendant argues Plaintiff's Rosenthal Act claim should be dismissed arguing that Plaintiff's allegations are conclusory, and

that the portion of Plaintiff's Rosenthal Act claim premised on Defendant contacting debtor Plaintiff when Plaintiff was represented by an attorney fails to "allege that [Plaintiff's] attorney notified [Defendant] of the representation in writing[, and] request[ed] that all communications concerning the Plaintiff be directed to his attorney," citing California Civil Code § 1788.14(c). (Mot. 4:5-10.)

Plaintiff alleges Defendant's following conduct supports his Rosenthal Act claim: 1) "Defendant contacted Plaintiff, a known represented party... by sending letters and calling Plaintiff after Defendant knew Plaintiff was represented by an attorney;" 2) "Defendant falsely stated the amount of the debt... by overstating the alleged arrearage owed by Plaintiff;" 3) "Defendant increased the amount of the debt by including amounts not owed by contract... by including costs that are not allowed for in any contract between Plaintiff and Defendant, including mailing costs of multiple, harassing letters;" and 4) "Defendant used unfair and unconscionable means in an attempt to collect the debt... by making numerous and repeated telephone calls to Plaintiff designed to annoy or harass Plaintiff." (FAC ¶¶ 11-14.)

Plaintiff's allegation that Defendant "falsely stated the amount of the debt... by overstating the alleged arrearage owed by Plaintiff," concerns misrepresentations, and therefore, is an "averment of fraud" governed by Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. <u>See OSEI v. Countrywide Home Loans</u>, No. 2:09-cv-01981-LKK-JMF, 2010 WL 727831, at * 5 (E.D. Cal. March 3, 2010). Rule 9(b) provides, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Allegations of fraud must be accompanied by the "who, what,

when, where and how of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Gieigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Rule 9(b)'s heightened pleading standard applies to allegations of fraud in all civil cases, regardless of whether or not "fraud" is an essential element of the claim. Id., at 1104-1105. In cases where a claim alleges some fraudulent and some non-fraudulent conduct, only the allegations of fraud are subject to Rule 9(b)'s standard. Id., at 1104. "The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." Id., at 1105.

Plaintiff has not alleged the time, place or manner of the misrepresentation with sufficient detail to satisfy Rule 9(b)'s heightened pleading standard. Therefore, this allegation cannot be considered in determining if Plaintiff has stated a Rosenthal Act Claim. Id.

Plaintiff's remaining Rosenthal Act allegations are not governed by Rule 9(b) and sufficiently state violations of the Act. The Rosenthal Act is designed to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civil Code § 1788.1(b). The act prohibits multiple particular debt collection practices and regulates the form and content of communications by debt collectors to debtors and third parties. (Cal. Civil Code §§ 1788, et seq.) In addition to proscribing specific conduct in the act itself, the Rosenthal Act

incorporates violations of the federal Fair Debt Collection and Practices Act, 15 USC §§ 1692, et seq. Cal. Civ. Code § 1788.17.

Since the Rosenthal Act incorporates violations of the federal Fair Debt Collection and Practices Act, Plaintiff's allegation that Defendant contacted Plaintiff when Plaintiff was represented by an attorney survives Defendant's dismissal motion. Although section 1788.14(c) of the Rosenthal Act prohibits a debt collector from communicating with a represented debtor only after the debt collector has been "notified in writing by the debtor's attorney that the debtor is represented," the relevant incorporated section of the federal Fair Debt Collection Practice Act is not as narrow. See 15 U.S.C. § 1692c(a)(2). Section 1692c(a)(2) prohibits a debt collector from contacting a debtor whenever the debt collector "knows the consumer is represented by an attorney with respect to such debt..." Thus, Plaintiff has sufficiently alleged a Rosenthal Act claim predicated upon communication with a represented debtor.

Therefore, Defendant's motion to dismiss this claim is granted and denied in part. The portion of Plaintiff's Rosenthal Act claim predicated upon the allegation that Defendant "falsely stated the amount of the debt... by overstating the alleged arrearage owed by Plaintiff" is dismissed.

**B. Breach of the Covenant of Good Faith & Fair Dealing**

Defendant seeks dismissal of Plaintiff's claim for breach of the covenant of good faith and fair dealing, arguing Plaintiff does not identify or establish the existence of a contract between Plaintiff and Defendant, and does not allege the existence of a fiduciary relationship between the parties. (Mot. 4:14-4:19.) Plaintiff admits "this cause of action probably does not survive in

tort," but argues "it should survive in its derivative nature in contract." (Opp'n 3:28-4:1.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958). The implied covenant "rests upon the existence of some specific contractual obligation. [It] is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Racine Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal.App.4th 1026, 1031 (1992). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008). Since the implied covenant is based in contract, compensation for its breach is almost always limited to contractual remedies. Foley v. Interactive Data Corp., 47 Cal.3d 654, 684 (1988). Tort remedies are only available in limited circumstances where a "special relationship" exists between the contracting parties, such as the relationship between an insurer and an insured. See Johnathan Neil & Assoc. v. Jones, 33 Cal.4th 917, 932 (2004).

Plaintiff alleges in this claim that "Plaintiff and Defendant had a contract wherein Defendant would service a mortgage owned by American Brokers Conduit for Plaintiff's property located at 885 Wedgewood Ct, West Sacramento, CA 95605," and that "[a] duty of good faith and fair dealing was implied by law into the contract of insurance that is at issue in this action." (FAC ¶ 18.) Plaintiff

further alleges, "[Defendant's] duties of good faith and fair dealing included, but were not limited to, the following: a) Defendants had a duty to pay at least as much consideration to Plaintiff's financial interests as to Defendants' financial interest; b) Defendants had a duty to comply with all applicable laws in the State of California." (Id., ¶ 19.) However, Plaintiff does not allege the terms of the contract(s) entered into between the parties or how Defendant's conduct frustrated any of its specific provisions. Therefore, whether Plaintiff is seeking tort or contract remedies, Plaintiff's breach of the implied covenant of good faith and fair dealing claim is dismissed.

**C. Business & Professions Code § 17200**

Defendant argues Plaintiff's California Business and Professions Code section 17200 ("§ 17200") claim should be dismissed because Plaintiff's allegations are conclusory, and Plaintiff fails to allege he suffered an injury in fact and lost either money or property as a result of any § 17200 violation. (Mot. 7:16-8:5.)

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. To state a § 17200 claim, Plaintiff must allege he "suffered injury in fact and has lost money or property." Cal. Bus. & Prof. Code § 17204. A plaintiff suffers an "injury in fact" when he or she has "1) expended money due to the defendant's acts of unfair competition, 2) lost money or property; or 3) been denied money to which he or she has a cognizable claim." Hall v. Time Inc., 158 Cal.App.4th 847, 854 (2008).

Plaintiff does not allege any facts showing that he has suffered "an injury in fact". Therefore, Plaintiff's § 17200 claim is dismissed.

**D. Breach of Statutory Duties**

Defendant also seeks dismissal of Plaintiff's breach of "statutory duties" claim. Plaintiff agrees in his Opposition that this claim should be dismissed, stating, "[a]fter reviewing Defendant's motion, Plaintiff will dismiss this claim. (Opp'n 5:6.) Therefore, Plaintiff's breach of statutory duties claim is dismissed.

**E. Alternative Rule 12(e) Motion**

Defendant also seeks a more definite statement of each of Plaintiff's claims. (Mot. ¶ 9:15-24.) The portion of this motion concerning each claim upon which Defendant prevailed on its Rule 12(b)(6) dismissal motion is denied as moot, and the remainder of the motion is denied. Plaintiff's allegations are not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

**IV. CONCLUSION**

For the stated reasons, Defendant's motion to dismiss is granted and denied in part. Defendant's motion for a more definite statement is denied. Plaintiff is granted ten (10) days from the date on which this order is filed to file a Second-Amended Complaint.

Dated: June 2, 2010

GARLAND E. BURRELL, JR.
United States District Judge