1

2

3

4                    IN  THE  UNITED  STATES  DISTRICT  COURT

5                FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA

6

7   CHARLES DAY,                    )
                                    )      2:09-cv-02676-GEB-KJM
8              Plaintiff,           )
                                    )
9        v.                         )      ORDER GRANTING AND DENYING IN
                                    )      PART DEFENDANT'S MOTION TO
10  AMERICAN HOME MORTGAGE          )      DISMISS PLAINTIFF'S SECOND-
    SERVICING, INC., and DOES 1-50, )      AMENDED COMPLAINT AND DENYING
11  inclusive,                      )      ITS MOTION FOR A MORE
                                    )      DEFINITE STATEMENT*
12             Defendants.          )
    _____ )

13

14            Defendant  moves  for  dismissal  of  Plaintiff's  Second-Amended

15  Complaint  (incorrectly  titled  "Third-Amended  Complaint")  with  prejudice

16  under  Federal  Rule  of  Civil  Procedure  12(b)(6)  ("Rule  12(b)(6)"),

17  arguing  Plaintiff  has  failed  to  allege  sufficient  facts  to  state  viable

18  claims.  Defendant  moves  in  the  alternative  for  a  more  definite  statement

19  under  Federal  Rule  of  Civil  Procedure  12(e)  ("Rule  12(e)").  For  the

20  reasons  stated  below,  Defendant's  dismissal  motion  is  granted  and  denied

21  in  part,  and  Defendant's  Rule  12(e)  motion  is  denied.

22                         **I. LEGAL STANDARD**

23      **A.    Standard  for  a  Motion  to  Dismiss  under  Rule  12(b)(6)**

24            A  Rule  12(b)(6)  dismissal  motion  tests  the  legal  sufficiency

25  of  the  claims  alleged  in  the  complaint.  <u>Novarro v. Black</u>, 250 F.3d 729,

26  732  (9th  Cir.  2001).    A  pleading  must  contain  "a  short  and  plain

27  _____

28        *    This  matter  is  deemed  suitable  for  decision  without  oral
    argument.  E.D. Cal. R. 230(g).

                                     1

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. <u>See al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. <u>See Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Twombly</u>, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting <u>Doe v. U.S.</u>, 58 F.3d 484, 497 (9th Cir. 1995)).

**B.   Standard for a Motion for a More Definite Statement**

"[A] party may move for a more definite statement of a pleading [under Rule 12(e) when the pleading] ... is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should not be granted unless the challenged pleading is so indefinite that the responding party cannot determine the nature of the claim(s) asserted. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal. 1981).

## II. DISCUSSION

Defendant filed earlier dismissal motions challenging Plaintiff's original Complaint and his First-Amended Complaint, which Plaintiff incorrectly titled "Second-Amended Complaint." On June 17, 2010, Plaintiff subsequently filed what he titled his Third-Amended Complaint, which is actually his Second-Amended Complaint ("Second-Amended Complaint"). Three state law claims remain in the Second-Amended Complaint: violation of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), breach of the implied covenant of good faith and fair dealing, and violation of California Business & Professions Code section 17200.

**A.   The Rosenthal Act**

Defendant seeks dismissal of Plaintiff's Rosenthal Act claim, arguing "[a]lthough Plaintiff alleges otherwise... [Defendant] is not considered a 'debt collector'-[Defendant] is merely the loan servicer." (Def.'s Mot. to Dismiss ("Mot.") 5:12-13.) Plaintiff counters, "[he] has properly plead that Defendant violated the Rosenthal Act...." (Pl.'s Opp. to Mot. to Dismiss ("Opp'n") 4:1-2.) Defendant further argues in its reply brief that this claim should be dismissed for lacking the required specificity. (Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss

("Reply") 1:4-13.) Since Defendant's specificity argument was made for the first time in its reply brief, this argument need not be considered. See United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived."); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

    The Rosenthal Act is designed to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts...." Cal. Civil Code § 1788.1(b). A "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).

    Plaintiff alleges in his Rosenthal Act claim that "[Defendant] is a debt collector as that term is defined in California Civil Code 1788.2. Specifically, [Plaintiff alleges in that Defendant] in the 'ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.'" (Second-Am. Compl. ¶ 9.) Defendant has not shown that these allegations are insufficient to state a Rosenthal Act claim against Defendant. Therefore, Defendant's motion to dismiss this claim is denied.

**B.   Breach of the Covenant of Good Faith & Fair Dealing**

    Defendant also seeks dismissal of Plaintiff's claim for breach of the covenant of good faith and fair dealing ("implied covenant claim"), arguing, inter alia, that even though Plaintiff has been given opportunities to amend this claim, Plaintiff's newly-pled allegations "do not respond in any way to the grounds on which this Court dismissed

this cause of action" in its June 3, 2010 Order. Plaintiff responds that his newly pled allegations do respond to the Court's June 3, 2010 Order, since they state "the specific terms of the contract." (Opp'n 5:11-12.)

The June 3, 2010 Order dismissed Plaintiff's implied covenant claim with leave to amend since "Plaintiff [did] not allege the terms of the contract(s) entered into between the parties or how Defendant's conduct frustrated any of its specific provisions." (Doc. No. 37, 8:6-8.) Plaintiff responded by amending this claim to add the following allegations: "The terms of the loan were for 360 months. The loan balance was for $720,000. The first five years were at 5.125% interest. On September 1, 2010, the rate adjusted to LIBOR plus 2.250% with a cap of 10.125%." (Second-Am. Compl. ¶ 19.) However, Plaintiff does not allege that Defendant was a party to the loan. The alleged contract which forms the basis of Plaintiff's implied covenant claim is "a contract wherein Defendant would service a mortgage owned by American Brokers Conduit for Plaintiff's property...." (Id. ¶18.) Plaintiff still fails to allege the necessary terms of any contract showing that Defendant breached any implied covenant of good faith and fair dealing claim. Therefore, this claim is dismissed. Further, since Plaintiff has failed to remedy the pleading defects in this claim, despite having been given two opportunities to do so, this claim is dismissed with prejudice.

### C.   Business & Professions Code § 17200

Defendant also argues Plaintiff's California Business and Professions Code section 17200 ("§ 17200") claim should be dismissed because this claim "has not been pled with the requisite particularity," "Plaintiff does not allege how [Defendant] caused [his] injuries[,]" "does not make any substantive allegation that [Defendant] engaged in

any actual 'unfair' practices," and "has failed to identify... any practices by [Defendant] which were actually fraudulent." (Mot. 11:11-2, 11:15-18.) Plaintiff rejoins that § 17200 prohibits "'any unlawful, unfair or fraudulent' business practice, not just unfair competition and false advertising[,]" and he has sufficiently alleged an unlawful predicate act. (Opp'n 5:19-21, 6:4-8.)

California's Unfair Competition Law, § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. Since "unfair competition" is defined in the disjunctive, the statute establishes three separate types actionable conduct, prohibiting practices that are either "unfair," "unlawful," or "fraudulent." <u>Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." <u>Id.</u> (citation omitted).

Plaintiff's § 17200 claim allegations include:

> Defendant has committed wrongful acts. These acts include... violation of [the Rosenthal Act] as laid out more fully in the first cause of action.

> Plaintiff is informed and believes and thereon alleges that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code section 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein.

> As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial. Plaintiff has suffered an injury in fact as follows:

> a.    Damage to his credit score resulting in increased interest rates and increased interest payments;

        b.    Increased costs to maintain his property
              including bank to comply with the terms
              of the mortgage.

(Second-Am. Compl. ¶¶ 26-28.) Plaintiff also incorporated by reference all earlier allegations into his § 17200 claim. (Second-Am. Compl. ¶25.)

These allegations sufficiently state a § 17200 claim for unlawful business practices since Defendant has not shown that Plaintiff's Rosenthal Act claim against it does not provide "unlawful" predicate activity to support Plaintiff's § 17200 claim. Therefore, Defendant's motion to dismiss Plaintiffs' § 17200 claim is denied.

**D.   Alternative Rule 12(e) Motion**

Defendant also seeks a more definite statement of each of Plaintiff's claims. (Mot. ¶ 12:20-23.)  The portion of this motion concerning Plaintiff's breach of the implied covenant claim is denied as moot. Further, the remainder of the motion is denied since Plaintiff's allegations are not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

**III. CONCLUSION**

For the stated reasons, Defendant's dismissal motion is granted and denied in part. Defendant's motion for a more definite statement is denied.

Dated:  August 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge